

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

Southern District of New York

| | |
|---|---|
| CYNTHIA GERSHANOW, | ) |
| ———————————————— | ) |
| *Plaintiff* | ) |
| | ) |
| v. | ) |
| | ) |
| COUNTY OF ROCKLAND, ROCKLAND COUNTY | ) |
| DEPARTMENT OF PUBLIC TRANSPORTATION, | ) |
| ROCKLAND COUNTY HIGHWAY DEPARTMENT, | ) |
| TRANSPORT OF ROCKLAND, TOWN OF | ) |
| CLARKSTOWN, TOWN OF RAMAPO, JOHN DOE | ) |
| (a person currently unknown) and COACH USA LLC, | ) |
| ———————————————— | ) |
| *Defendants* | |

**JUDGE FORREST**

Civil Action No.

**11 CIV 8174**

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*    COUNTY OF ROCKLAND
11 New Hempstead Road
New City, New York 10956

ROCKLAND COUNTY DEPARTMENT OF PUBLIC
TRANSPORTATION
50 Sanatorium Rd.
Pomona, NY 10970

ROCKLAND COUNTY HIGHWAY DEPARTMENT
23 New Hempstead Road
New City, New York 10956

TRANSPORT OF ROCKLAND
Yeager Health Center, Bldg. T
Pomona, New York 10970

TOWN OF CLARKSTOWN
Town Clerk
10 Maple Avenue
New City, New York 10956

TOWN OF RAMAPO
Town Clerk
237 Route 59
Suffern, New York 10901

JOHN DOE
(a person currently unknown)
c/o Transport of Rockland
Yeager Health Center, Bldg. T
Pomona, New York 10970

c/o ROCKLAND COUNTY DEPARTMENT OF PUBLIC
TRANSPORTATION
50 Sanatorium Rd.
Pomona, NY  10970

c/o COACH USA LLC
170 Route 17N.
Paramus, New Jersey 07652

COACH USA LLC
170 Route 17N.
Paramus, New Jersey 07652

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:      Lawrence B. McCarron, Esq.
ROGERS McCARRON & HABAS, P.C.
Attorney for Plaintiff
100 Dutch Hill Road, Suite 390
Orangeburg, New York 10962
Tel: (845) 359-5400

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK

CLERK OF COURT

Jessica Doss

*Signature of Clerk or Deputy Clerk*

Date: _____   '10 NOV 2011

COPY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

CYNTHIA GERSHANOW,                                   Case No.:

                    Plaintiff,          Magistrate Judge

   -against-

COUNTY OF ROCKLAND, ROCKLAND COUNTY
DEPARTMENT OF PUBLIC TRANSPORTATION,
ROCKLAND COUNTY HIGHWAY DEPARTMENT,
TRANSPORT OF ROCKLAND, TOWN OF
CLARKSTOWN, TOWN OF RAMAPO, JOHN DOE
(a person currently unknown) and COACH USA LLC,

                 Defendants.

-------------------------------------------------------------------X

      Plaintiff, Cynthia Gershanow, by her attorneys, Rogers McCarron & Habas, P.C., hereby commences this action against the Defendants, County of Rockland, Rockland County Department of Public Transportation, Rockland County Highway Department, Transport of Rockland, Town of Clarkstown, Town of Ramapo, John Doe and Coach USA LLC (sometimes referred to as "Defendants"), for damages, for Injunctive Relief, and attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. ("ADA").

<u>PARTIES</u>

    1.     Plaintiff, Cynthia Gershanow ("Plaintiff") is an individual and resides within the Town of Ramapo, County of Rockland, State of New York and at all relevant times hereinafter mentioned, Plaintiff is a qualified individual with a disability as defined in the Americans with Disability Act (ADA) 42U.S.C. § 12102 et seq.

    2.     At all times hereinafter mentioned, Plaintiff has a physical impairment preventing

her from walking, standing, lifting and bending and preventing her from performing other bodily functions and she must use a wheelchair for mobility.

3.  Upon information and belief and at all times hereinafter mentioned, Defendant, County of Rockland ("Rockland County") is a municipal corporation existing under and by virtue of the laws of the State of New York.

4.  Upon information and belief and at all times hereinafter mentioned, Defendant, Rockland County Department of Public Transportation ("Rockland Department of Transportation") is a department and/or agency established by Rockland County existing under and by virtue of the laws of the State of New York and Rockland County.

5.  Upon information and belief and at all times hereinafter mentioned, Defendant, Rockland County Highway Department is a department and/or agency owned and/or operated by the County of Rockland and is responsible for the construction and maintenance, including but not limited to, county highways, county bus stops, county sidewalks and other property owned and/or operated by the County of Rockland and exists under and by virtue of the laws State of New York and Rockland County.

6.  Upon information and belief and at all times hereinafter mentioned, Defendant, Transport of Rockland ("TOR") is a common carrier and/or department and/or agency and/or owned and/or operated by Defendant, the Rockland County Department of Transportation and exists under and by virtue of the laws of the State of New York and Rockland County.

7.  Upon information and belief and at all times hereinafter mentioned, Defendant, Transport of Rockland ("TOR") is a common carrier and/or department and/or agency and/or owned and/or operated by Defendant, the County of Rockland and existing under and by virtue of the laws of the State of New York and Rockland County.

2

8.      Upon information and belief and at all times hereinafter mentioned, Defendant, Transport of Rockland ("TOR") is a common carrier and is owned and/or operated by Defendant, Coach USA LLC.

9.      Upon information and belief and at all times hereinafter mentioned, Defendant, Coach USA LLC ("Coach USA") is a foreign limited liability company and conducts business in Rockland County, State of New York.

10.      Upon information and belief and at all times hereinafter mentioned, Defendant, Coach USA is a common carrier and conducts business in Rockland County, State of New York.

11.      Upon information and belief and at all times hereinafter mentioned, Defendant, Town of Clarkstown is a municipal corporation located in Rockland County and existing under and by virtue of the laws of the State of New York and Rockland County.

12.      Upon information and belief and at all times hereinafter mentioned, Defendant, Town of Ramapo is a municipal corporation located in Rockland County and existing under and by virtue of the laws of the State of New York.

13.      At all relevant times hereinafter mentioned, Defendant, John Doe, is a person unknown to the Plaintiff and upon information and belief is an agent, servant or employee of TOR.

14.      At all relevant times hereinafter mentioned, Defendant, John Doe, is a person unknown to the Plaintiff and upon information and belief is an agent, servant or employee of Rockland County.

15.      At all times hereinafter mentioned, Defendant, John Doe, is a person unknown to Plaintiff, and upon information and belief is an agent, servant or employee of Rockland County Department of Transportation.

16.     At all relevant times hereinafter mentioned, Defendant, John Doe, is a person unknown to Plaintiff and upon information and belief is an agent, servant or employee of Coach USA and/or a subsidiary of Coach USA and/or a corporation and/or a company owned or operated by Coach USA.

17.     Upon information and belief and at all relevant times hereinafter mentioned, Defendant, John Doe, was working within the scope of his employment as the driver and/or operator of the common carrier ("bus") in which Plaintiff was a passenger for hire.

18.     Upon information and belief and at all times hereinafter mentioned, Defendant, Rockland County is statutorily and/or administratively responsible for the construction, maintenance and alteration of county streets, county highways, curb ramps, county bus stops, including, but not limited to, East Eckerson Avenue between Fayva Court and Mallory Road and sidewalks adjacent thereto in the County of Rockland, State of New York.

19.     Upon information and belief, Defendant, Rockland County Highway department is statutorily and/or administratively responsible for the construction, maintenance and alteration of county streets, county highways, curb ramps, county bus stops, including, but not limited to, East Eckerson Avenue between Fayva Court and Mallory Road and sidewalks adjacent thereto, in the County of Rockland, State of New York.

20.     Upon information and belief, Defendant, Rockland County is a public entity subject to Title II of the American with Disabilities Act.

21.     Upon information and belief, Defendant, Rockland County Department of Public Transportation is a public entity subject to Title II of the American with Disabilities Act.

22.     Upon information and belief, Defendant, Transport of Rockland is a public entity subject to Title II of the American with Disabilities Act.

23. Upon information and belief, Defendant, Rockland County Highway Department is a public entity subject to Title II of the American with Disabilities Act.

24. Upon information and belief, Defendant, Town of Clarstown is a public entity subject to Title II of the American with Disabilities Act.

25. Upon information and belief, Defendant, Town of Ramapo is a public entity subject to Title II of the American with Disabilities Act.

26. Upon information and belief, Defendant, Rockland Department of Public Transportation is subject to the Rehabilitation Act because it receives funding from the federal government.

27. Upon information and belief, Defendant, Transport of Rockland is subject to the Rehabilitation Act because it receives funding from the federal government.

28. Upon information and belief, Defendant, Rockland County is subject to the Rehabilitation Act because it receives funding from the federal government.

29. Upon information and belief, Defendant, Town of Clarkstown is subject to the Rehabilitation Act because it receives funding from the federal government.

30. Upon information and belief, Defendant, Town of Ramapo is subject to the Rehabilitation Act because it receives funding from the federal government.

## VENUE AND JURISDICTION

31. Venue is properly located in the Southern District of New York because venue lies in the judicial district of the property situs and because Plaintiff resides within this judicial district.

32. Pursuant to 28 U.S.C § 1331 and 28 U.S.C. §1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of the Americans

with Disabilities Act, 42 U.S.C. § 12181 et seq.  See also 28 U.S.C. §§ 2201 and 2202.

33.     The Court also has supplemental jurisdiction under 28 U.S.C. § 1367(a) over

additional claims arising under State law against Defendants.

## BACKGROUND

34.     On or about October 28, 2010, at approximately 7:30 p.m., Plaintiff was in a

wheelchair and was a passenger for hire on a common carrier ("bus") traveling from Nanuet to

Spring Valley in the County of Rockland, State of New York.

35.     On or about October 28, 2010, at approximately 7:30 p.m., Plaintiff was a

passenger for hire on a common carrier ("bus") leased and/or owned and/or operated by TOR.

36.     On or about October 28, 2010, at approximately 7:30 p.m., Plaintiff was a

passenger for hire on a common carrier ("bus") leased and/or owned and/or operated by

Defendant, Rockland County Department of Transportation.

37.     On or about October 28, 2010, at approximately 7:30 p.m., Plaintiff was a

passenger for hire on a common carrier ("bus") leased and/or owned and/or operated by

Defendant, County of Rockland.

38.     On or about October 28, 2010, at approximately 7:30 p.m., Plaintiff was a

passenger for hire on a common carrier ("bus") leased and/or owned and/or operated by

Defendant, Coach USA LLC and/or a subsidiary of Defendant, Coach USA LLC.

39.     That at all times hereafter mentioned, Defendant Rockland County Department of

Public Transportation was engaged in the business of a common carrier.

40.     That at all times hereafter mentioned, Defendant TOR was engaged in the

business of a common carrier.

41.     That at all times hereafter mentioned, Defendant Coach USA was engaged in the

business of a common carrier.

42.     On or about October 28, 2010, at approximately 7:30 p.m., Defendant, John Doe, was driving, controlling and/or operating the bus in which Plaintiff was a passenger.

43.     On or about October 28, 2010, at approximately 7:30 p.m., Defendant, John Doe, discharged Plaintiff from the bus onto the public roadway at a location against her instructions on the North side of East Eckerson Road between Fayva Court and the bus shelter.

44.     Defendant, John Doe, discharged the Plaintiff in a dangerous, unsafe and unauthorized location.

45.     Defendant, John Doe, knew or should have known that said location was dangerous, unsafe and was not an authorized location to discharge the Plaintiff.

46.     Defendant, John Doe, knew or should have known through proper supervision, training and instruction that the location where he discharged Plaintiff from the bus was dangerous, unsafe and not an authorized location to discharge the Plaintiff.

47.     Defendant, John Doe, knew or should have known by proper supervision, training and instruction that the location that he discharged the Plaintiff from the bus was not a reasonably safe location in which to discharge Plaintiff.

48.     The Defendant, John Doe, knew or should have known that Plaintiff was disabled and in a wheelchair.

49.     After Defendant, John Doe, discharged Plaintiff from the bus against Plaintiff's instructions, Plaintiff was struck by a motor vehicle.

50.     As a result of being struck by said vehicle, Plaintiff sustained permanent and serious injuries and required hospitalization.  Said injuries included, but are not limited to, fractures to the lumbar spine, tailbone, femoral neck, femur, tibia, fibula, left and right shoulders

and possible glenoid fracture.  The Plaintiff's head hit the pavement resulting in bruising to her head.  Plaintiff also sustained severe swelling to her face as well as substantial soreness throughout her body.

51.      Within ninety (90) days after the date of Plaintiff's injuries, Plaintiff caused a Notice of Claim to be served upon Defendants, Rockland County, Rockland Department of Public Transportation, Rockland County Highway Department, Transport of Rockland and the Town of Ramapo.  At least thirty (30) days have elapsed prior to the commencement of this action since the service of such Notice of Claim as aforesaid, and adjustment or payment thereof has been neglected or refused by said Defendants.  (Filed copies of Notices of Claim are attached thereto as Exhibit "1" and "2" respectively.)

52.      On February 25, 2011, Plaintiff submitted an Order to Show Cause to the Rockland County Supreme Court (Index No. 1684/2011) requesting leave to serve a late Notice of Claim upon the Town of Clarkstown.  By Order dated April 14, 2011, the Honorable Linda S. Jamieson granted Plaintiff permission to serve a late Notice of Claim upon Defendant, Town of Clarkstown.  On April 22, 2011, Plaintiff caused a Notice of Claim to be served upon Defendant, the Town of Clarkstown.  At least thirty (30) days have elapsed prior to the commencement of this action since the service of such Notice of Claim as aforesaid, and adjustment or payment thereof has been neglected or refused by the Town of Clarkstown.  (A filed copy of the Notice of Claim is attached thereto as Exhibit "3").

53.      That this claim has been commenced and this action has been started within one year and ninety (90) days after the happening of the event upon which the claim is based.

## FIRST CLAIM FOR RELIEF

**VIOLATION OF AMERICANS WITH DISABILITIES ACT**
(Against County of Rockland, Rockland County Department
Of Public Transportation, Rockland County Highway
Department, Transport of Rockland ("TOR")
Town of Ramapo and Town of Clarkstown)

54.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth at length herein.

55.     Plaintiff is a "qualified individual with a disability" as defined under the ADA, 42 U.S.C. § 12131(2) and 28 C.F.R. § 35.104, as an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by the Defendants.

56.     Defendants Rockland County, Rockland County Department of Public Transportation, Rockland County Highway Department, TOR, Town of Clarkstown and Town of Ramapo are public entities within the meaning of the ADA, 42 U.S.C. § 12131(1)(A) and (B), and U.S. Department of Justice implementing regulations, 28 C.F.R. § 35.104, or agents of such public entities.

57.     Title II of the ADA prohibits Defendants Rockland County, Rockland County Department of Public Transportation, Rockland County Highway Department, TOR, Town of Clarkstown and Town of Ramapo from discriminating against individuals with disabilities by denying them access to, and full enjoyment of, the facilities, privileges and accommodations offered by public entities.  42 U.S.C. §§ 12131, 12132, 12147 and 12204.

58.     Upon information and belief and at all times hereinafter mentioned, Defendants Rockland County, Rockland County Department of Public Transportation, Rockland County

9

Highway Department, TOR, Town of Clarkstown and Town of Ramapo have violated the ADA, 42 U.S.C. §§ 12131, 12132, 12147 and 12204 as amended.

59.     Defendants Rockland County, Rockland County Department of Public Transportation, Rockland County Highway Department, TOR, Town of Clarkstown and Town of Ramapo have discriminated against Plaintiff and other persons confined to wheelchairs by certain acts and/or omissions, including, but not limited to the following:

a.  Failing to maintain the curb ramp located on the North side of East Eckerson Road between Fayva Court and Mallory Road and leaving same in an uneven and decrepit condition requiring Plaintiff to navigate in the roadway for a suitable curb ramp to remove herself from said roadway;

b.  Requiring Plaintiff to be discharged from the bus at a location other than a handicap designated bus stop in order to safely utilize a handicap accessible curb ramp to remove herself from the roadway;

c.  Plaintiff and other individuals with disabilities are unable to safely cross East Eckerson Road due to the condition and location of the curb ramps located both on the North side of East Eckerson Road and the South side of East Eckerson Road between Fayva Court and Mallory Road;

d.  All of the above-referenced actions and/or omissions on behalf of the Defendants required Plaintiff to be otherwise treated differently than other individuals without a disability.

60.     The failure of Defendants to renovate, maintain and correct the curb ramps complained of herein violates Plaintiff's rights and other individuals who have difficulties ambulating by denying them equal access to public transportation that is not denied to others

without disabilities.

61.     Upon information and belief, various sections of the sidewalk, curb ramps and bus shelters located on the North side and South side of East Eckerson Road between Fayva Court and Mallory Road have been constructed and/or altered after January 26, 1992, the effective date of the ADA.  To the extent that any and all of the sections were constructed after this date, Defendants have and continue to be in violation of their affirmative obligation to make appropriate modifications, repairs and maintenance pursuant to the new construction, alteration and regulation of the ADA.

62.     To the extent that the curb ramps complained of herein are existing facilities, Defendants had an affirmative obligation as of January 26, 1995, to renovate, maintain and make accessible bus shelters, sidewalks and public transportation services readily accessible to and usable by Plaintiff and other individuals with disabilities.

63.     Defendants have an ongoing duty under the ADA to maintain accessible features of the sidewalk, bus shelters and curb ramps along accessible routes within the County of Rockland.

64.     On or about October 28, 2010, at 7:30 p.m., Plaintiff was discharged from a bus and was unable to utilize the curb ramps to safely remove herself from the roadway and was struck by an unknown vehicle and sustained injuries as set forth in this Complaint.

65.     The failure of Defendants Rockland County, Rockland County Department of Public Transportation, Rockland County Highway Department, TOR, Town of Clarkstown and Town of Ramapo to comply with the ADA has resulted in discrimination against Plaintiff and other individuals who have difficulty ambulating and have violated their rights under the ADA.

66.     The failure of Defendants Rockland County, Rockland County Department of

Public Transportation, Rockland County Highway Department, TOR, Town of Clarkstown and Town of Ramapo to comply with the ADA has resulted in discrimination and serious injuries to Plaintiff in violation of the ADA.

67.     Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from Defendants Rockland County, Rockland County Department of Public Transportation, Rockland County Highway Department, Town of Clarkstown and Town of Ramapo pursuant to 42 U.S.C. §§ 12205, 12133 and 28 CFR 36.505

## SECOND CLAIM FOR RELIEF

### NEGLIGENCE
(Against Rockland County)

68.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth at length herein.

69.     Upon information and belief and at all times hereinafter mentioned, Rockland County is responsible for the construction, maintenance and repairs of the roadway known as East Eckerson Road ("roadway") between Fayva Court and Mallory Road, in the County of Rockland, State of New York.

70.     Upon information and belief and at all times hereinafter mentioned, Rockland County is responsible for the construction, maintenance, repairing and location of the curb cuts, curb ramps, bus shelters and sidewalks located on the North side of East Eckerson Road between Fayva Court and Mallory Road in the County of Rockland, State of New York.

71.     Upon information and belief and at all times hereinafter mentioned, Rockland County is responsible for the construction, maintenance, repairing and location of the curb cuts, curb ramps, bus shelters and sidewalks located on the South side of East Eckerson Road between Fayva Court and Mallory Road in the County of Rockland, State of New York.

72.     Upon information and belief, Rockland County maintains the roadway, sidewalks, curb cuts, curb ramps and bus shelters located on the North side of East Eckerson Road between Fayva Court and Mallory Road, which said road, bus shelters, sidewalks, curb ramps, and curb cuts are under the control and supervision of said County and/or its subsidiary and departments at all times hereinafter mentioned.

73.     Upon information and belief, Rockland County maintains the roadway, sidewalks, curb ramps, curb cuts and bus shelters located on the South side of East Eckerson Road between Fayva Court and Mallory Road, which said road, bus shelters, sidewalks and curb cuts, curb ramps are under the control and supervision of said County and/or its subsidiary and departments at all times hereinafter mentioned.

74.     That at all times hereinafter mentioned, East Eckerson Road is a public road.

75.     On or about October 28, 2010, at approximately 7:30 p.m., Plaintiff was discharged from a bus onto the roadway at the North side of East Eckerson Road between Fayva Court and Mallory Road.

76.     After being discharged from the bus, Plaintiff was unable to safely utilize the curb cuts, curb ramps and sidewalks on the North side of East Eckerson Road between Fayva Court and Mallory Road in order to remove herself from the roadway.

77.     After being discharged from the bus, Plaintiff was unable to safely utilize the curb cuts, curb ramps and sidewalks on the South side of East Eckerson Road between Fayva Court and Mallory Road in order to remove herself from the roadway.

78.     Due to Plaintiff being prevented from safely utilize the curb cuts, curb ramps and sidewalks along the North side of East Eckerson road between Fayva Court and Mallory Road in order to remove herself from the roadway, Plaintiff was struck by an unknown motor vehicle.

79. Due to Plaintiff being unable to safely utilize the curb cuts, curb ramps and sidewalks along the South side of East Eckerson road between Fayva Court and Mallory Road in order to remove herself from the roadway, Plaintiff was struck by a motor vehicle.

80. As a result of the carelessness and negligence of Rockland County in maintaining, constructing, repairing and the location of the curb cuts, curb ramps, sidewalks and bus shelters located on the North side of East Eckerson Road between Fayva Court and Mallory Road, Plaintiff sustained injuries.

81. As a result of the carelessness and negligence of Rockland County in maintaining, constructing, repairing and the location of the curb cuts, curb ramps, sidewalks and bus shelters located on the South side of East Eckerson Road between Fayva Court and Mallory Road, Plaintiff sustained injuries.

82. That the negligence of Rockland County consisted of, but is not limited to, the following: locating, constructing and maintaining said roadway in a dangerous and deteriorated condition; locating, constructing and maintaining sidewalks, curb ramps, curb cuts and bus shelters in a dangerous and deteriorated condition; in not providing an adequate shoulder for said roadway and permitting said shoulder to become deteriorated as a result of maintenance and repairs; allowing curb cuts, curb ramps to become deteriorated as a result of lack of maintenance and repair; in failing to provide safe locations for curb cuts that permit Plaintiff to access the sidewalks and bus shelters from the roadway; in leaving said roadway in extremely dangerous and unsafe condition as the result of improper maintenance and construction; in permitting such conditions to exist for such an extended period of time prior to October 28, 2010; in failing to provide road signs, road pavement markings and adequate lighting on East Eckerson Road between Fayva Court and Mallory Road; permitting a dangerous and unsafe condition to exist

14

without proper maintenance and repairs, which constituted a menace to Plaintiff utilizing curb ramps, curb cuts and bus shelters; by their neglect and careless actions rendering the said roadway, curb ramps and curb cuts unsafe; and by failing to construct, maintain and place adequate curb ramps, curb cuts in locations permitting Plaintiff to cross the roadway in a safe manner.

83.    All of the aforesaid defects and dangerous conditions existing on East Eckerson Road, County of Rockland between Fayva Court and Mallory Road existed prior to October 28, 2010.

84.    Upon information and belief, Rockland County, its agents, servants, and employees and subdivisions had either actual or constructive notice of said defects and dangerous conditions prior to October 28, 2010.

85.    That upon information and belief, improper, inadequate and defective repairs and maintenance were made to the sidewalks, curb ramps and curb cuts on the North side of East Eckerson Road, between Fayva Court and Mallory Road, by reason of which written notice is not required.

86.    That upon information and belief, improper, inadequate and defective repairs and maintenance were made to the sidewalks prior to this accident on the South side of East Eckerson, between Fayva Court and Mallory Road, by reason of which written notice is not required.

87.    Rockland County, its officers, agents, employees, subsidiaries and departments carelessly and negligently failed to repair, correct or remedy said roadway, sidewalks, curb ramps and curb cuts, even though they had notice of such conditions, and allowed same to remain in an unsafe and deteriorated condition.

88.     As a result of the carelessness and negligence of Rockland County, its agents, servants, employees and subdivisions, Plaintiff was injured and sustained permanent and serious injuries, including, but not limited to, fractures to the lumbar spine, tailbone, femoral neck, femur, tibia, fibula, left and right shoulders and possible glenoid fracture.  Plaintiff's head hit the pavement resulting in bruising to her head.  Plaintiff also sustained severe swelling to her face as well as substantial soreness throughout her body and has incurred expenses to replace her wheelchair.

89.     Plaintiff sustained serious and permanent injuries due to the inability to safely utilize the curb cuts and sidewalks in a safe manner and by Rockland County's failure to maintain and construct said, curb ramps, curb cuts and sidewalks in a safe manner and location.

90.     That the said accident and injuries to Plaintiff resulting therefrom, were caused by reason of the negligence and carelessness of Rockland County, its agents, servants, employees and subdivisions without any negligence on the part of the plaintiff contributing thereto.

91.     As a result of the negligence and carelessness of Rockland County, its agents, servants, employees and subdivisions, Plaintiff has sustained serious and permanent injuries.

92.     By reason of the foregoing, Plaintiff is entitled to recover from Rockland County, its agents, servants, employees and subdivisions a sum to be determined at the time of trial as a result of its negligence and carelessness acts and/or omissions including interest, costs, and attorneys' fees and such other relief as this Court may deem just and proper.

## THIRD CLAIM FOR RELIEF

### NEGLIGENCE
(Against the Rockland County Highway Department)

93.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth at length herein.

94.     Upon information and belief and at all times hereinafter mentioned, Rockland County Highway Department is responsible for the construction, maintenance and repairs of the roadway known as East Eckerson Road ("roadway") between Fayva Court and Mallory Road, in the County of Rockland, State of New York.

95.     Upon information and belief and at all times hereinafter mentioned, Rockland County Highway Department is responsible for the construction, maintenance, repairing and location of the curb cuts, curb ramps, bus shelters and sidewalks located on the North side of East Eckerson Road between Fayva Court and Mallory Road in the County of Rockland, State of New York.

96.     Upon information and belief and at all times hereinafter mentioned, Rockland County Highway Department is responsible for the construction, maintenance, repairing and location of the curb ramps, curb cuts, bus shelters and sidewalks located on the South side of East Eckerson Road between Fayva Court and Mallory Road in the County of Rockland, State of New York.

97.     Upon information and belief, Rockland County Highway Department maintains the roadway, sidewalks, curb ramps, curb ramps, curb cuts and bus shelters located on the North side of East Eckerson Road between Fayva Court and Mallory Road, which said road, bus shelters, sidewalks, curb ramps and curb cuts are under the control and supervision of Rockland County Highway Department and/or its subsidiary and departments at all times hereinafter mentioned.

98.     Upon information and belief, Rockland County Highway Department, maintains the roadway, curb ramps, sidewalks, curb cuts and bus shelters located on the South side of East Eckerson Road between Fayva Court and Mallory Road, which said road, bus shelters,

sidewalks, curb ramps and curb cuts are under the control and supervision of Rockland County Highway Department and/or its subsidiary and departments at all times hereinafter mentioned.

99.     That at all times hereinafter mentioned, East Eckerson Road is a public road.

100.     On or about October 28, 2010, at approximately 7:30 p.m., Plaintiff was discharged from a bus onto the roadway at the North side of East Eckerson Road between Fayva Court and Mallory Road.

101.     After being discharged from the bus Plaintiff was unable to safely utilize the curb cuts, curb ramps and sidewalks on the North side of East Eckerson Road between Fayva Court and Mallory Road in order to remove herself from the roadway.

102.     After being discharged from the bus Plaintiff was unable to safely utilize the curb cuts, curb ramps and sidewalks on the South side of East Eckerson Road between Fayva Court and Mallory Road in order to remove herself from the roadway.

103.     Due to Plaintiff being prevented from safely utilize the curb cuts, curb ramps and sidewalks along the North side of East Eckerson road between Fayva Court and Mallory Road in order to remove herself from the roadway, Plaintiff was struck by a motor vehicle.

104.     Due to Plaintiff being unable to safely utilize the curb cuts, curb ramps and sidewalks along the South side of East Eckerson road between Fayva Court and Mallory Road in order to remove herself from the roadway, Plaintiff was struck by a motor vehicle.

105.     As a result of the carelessness and negligence of Rockland County Highway Department in maintaining, constructing, repairing and the location of the curb ramps, curb cuts, sidewalks and bus shelters located on the North side of East Eckerson Road between Fayva Court and Mallory Road, Plaintiff sustained injuries.

106.     As a result of the carelessness and negligence of Rockland County Highway

Department in maintaining, constructing, repairing and the location of the curb ramps, curb cuts, sidewalks and bus shelters located on the South side of East Eckerson Road between Fayva Court and Mallory Road, Plaintiff sustained injuries.

107.    That the negligence of Rockland County Highway Department, consisted of, but is not limited to, the following: locating, constructing and maintaining said roadway in a dangerous and deteriorated condition; locating, constructing and maintaining sidewalks, curb cuts and bus shelters in a dangerous and deteriorated condition; in not providing an adequate shoulder for said roadway and permitting said shoulder to become deteriorated as a result of maintenance and repairs; allowing curb cuts to become deteriorated as a result of lack of maintenance and repair; in failing to provide safe locations for curb ramps, curb cuts that permit Plaintiff to access the sidewalks and bus shelters from the roadway; in leaving said roadway in extremely dangerous and unsafe condition as the result of improper maintenance and construction; in permitting such conditions to exist for such an extended period of time prior to October 28, 2010; in failing to provide road signs, road pavement markings and adequate lighting on East Eckerson Road between Fayva Court and Mallory Road; permitting a dangerous and unsafe condition to exist without proper maintenance and repairs, which constituted a menace to Plaintiff utilizing curb ramps, curb cuts and bus shelters; by their neglect and careless actions rendering the said roadway, curb ramps and curb cuts unsafe; and by failing to construct, maintain and place adequate curb cuts in locations permitting Plaintiff to cross the roadway in a safe manner.

108.    All of the aforesaid defects and dangerous conditions existing on East Eckerson Road, County of Rockland between Fayva Court and Mallory Road existed prior to October 28, 2010.

109.    Upon information and belief, Rockland County Highway Department, its agents, servants, and employees and subdivisions had either actual or constructive notice of said defects and dangerous conditions prior to October 28, 2010.

110.    Rockland County Highway Department, its officers, agents, employees, subsidiaries and departments carelessly and negligently failed to repair, correct or remedy said roadway, sidewalks, curb ramps and curb cuts, even though they had notice of such conditions, and allowed same to remain in an unsafe and deteriorated condition.

111.    As a result of the carelessness and negligence of Rockland County Highway Department, its agents, servants, employees and subdivisions, Plaintiff was injured and sustained permanent and serious injuries, including, but not limited to, fractures to the lumbar spine, tailbone, femoral neck, femur, tibia, fibula, left and right shoulders and possible glenoid fracture. Plaintiff's head hit the pavement resulting in bruising to her head. Plaintiff also sustained severe swelling to her face as well as substantial soreness throughout her body and has incurred expenses to replace her wheelchair.

112.    Plaintiff sustained serious and permanent injuries due to the inability to safely utilize the curb ramps, curb cuts and sidewalks in a safe manner and by Rockland County Highway Department's failure to maintain and construct said curb ramps, curb cuts and sidewalks in a safe manner and location.

113.    That the said accident and injuries to Plaintiff resulting therefrom, were caused by reason of the negligence and carelessness of Rockland County Highway Department, its agents, servants, employees and subdivisions without any negligence on the part of Plaintiff contributing thereto.

114.    As a result of the negligence and carelessness of Rockland County Highway

Department, its agents, servants, employees and subdivisions, Plaintiff has sustained serious and permanent injuries.

115.    By reason of the foregoing, Plaintiff is entitled to recover from Rockland County Highway Department, its agents, servants, employees and subdivisions a sum to be determined at the time of trial as a result of its negligence and carelessness acts and/or omissions including interest, costs, and attorneys' fees and such other relief as this Court may deem just and proper.

## FOURTH CLAIM FOR RELIEF

### NEGLIGENCE
(Against the Rockland County Department of Public Transportation)

116.    Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth at length herein.

117.    Upon information and belief and at all times hereinafter mentioned, Rockland County Department of Public Transportation is the owner and/or operator and/or lessee and/or lessor of the common carrier ("bus") operated on or about October 28, 2010 at approximately 7:30 p.m. on East Eckerson Road between Fayva Court and Mallory Road.

118.    That Defendant, Rockland County Department of Public Transportation, as a common carrier owed a duty of care to Plaintiff an alighting passenger to stop at a place where Plaintiff could safely disembark and leave the area.

119.    Upon information and belief and at all times hereinafter mentioned, Rockland County Department of Public Transportation is an agency and/or subsidiary and/or owned and/or operated by Defendant, Rockland County.

120.    That Defendant, John Doe, at all times pertinent hereto, was a bus driver employed by Rockland County Department of Public Transportation and acting within the scope of his employment.

121.    Upon information and belief and at all times hereinafter mentioned, Rockland County Department of Transportation trained and/or instructed Defendant John Doe in the proper manner and proper location to discharge disabled passengers in wheelchairs requesting to be discharged at the bus stop on East Eckerson Road between Fayva Court and Mallory Road.

122.    Upon information and belief and at all times hereinafter mentioned, Rockland County Department of Public Transportation failed to train and/or instruct Defendant, John Doe, in the proper manner and proper location to discharge disabled passengers in wheelchairs requesting to be discharged at the bus stop on the north side of East Eckerson Road between Fayva Court and Mallory Road in the County of Rockland, State of New York.

123.    On or about October 28, 2010, at approximately 7:30 p.m. Defendant, John Doe was driving, controlling and/or operating a common carrier ("bus") on East Eckerson Road between Fayva Court and Mallory Road as an employee, agent or servant of Defendant, Rockland County Department of Transportation and/or the County of Rockland.

124.    On or about October 28, 2010, at approximately 7:30 p.m., Defendant, John Doe discharged Plaintiff from the bus in an improper, unauthorized and unsafe location onto the North side or East Eckerson Road between Fayva Court and Mallory Road in the County of Rockland, State of New York.

125.    Plaintiff instructed Defendant, John Doe, not to discharge her from the bus at said location.

126.    Notwithstanding Plaintiff's protests and knowing or should have known that Plaintiff is disabled and in a wheel chair, Defendant, John Doe discharged Plaintiff in an improper, unsafe and unauthorized location.

127.    Defendant, John Doe, knew or should have known that said location where

22

Plaintiff was discharged was improper, unsafe and unauthorized.

128.    Defendant, John Doe, knew or should have known that Plaintiff was a passenger suffering from a disability.

129.    As Plaintiff was a passenger with a disability, Rockland County Department of Transportation was under a special duty to exercise such care, precaution and aid as was reasonably necessary for Plaintiff's safety and to bestow upon Plaintiff special care and attention beyond that given to the ordinary passenger.

130.    As a result of Plaintiff being discharged from the bus in an unsafe, improper and unauthorized location, Plaintiff was struck by an unknown motor vehicle.

131.    As a result of the carelessness, recklessness and negligence of Defendant, John Doe, Plaintiff sustained injuries as set forth herein.

132.    As a result of the carelessness, recklessness and negligence of Rockland County Department of Public Transportation, by its agent, servant or employee, Defendant, John Doe, Plaintiff sustained injuries as set forth herein.

133.    As a result of the carelessness, recklessness and negligence of Rockland County Department of Transportation and Defendant John Doe, Plaintiff sustained permanent and serious injuries and required hospitalization.  Said injuries included, but are not limited to fractures to the lumbar spine, tailbone, femoral neck, femur, tibia, fibula, left and right shoulders and possible glenoid fracture.  Plaintiff's head hit the pavement resulting in bruising to her head. Plaintiff also sustained severe swelling to her face as well as substantial soreness throughout her body and has incurred expenses to replace her wheelchair.

134.    Due to the carelessness, recklessness and negligence of Rockland County Department of Public Transportation, through its agent, servant and employee, John Doe,

23

Plaintiff was unable to safely utilize the curb cuts and sidewalks along the North side of East Eckerson Road between Fayva Court and Mallory Road in order to safely remove herself from the roadway.

135.    Rockland County Department of Public Transportation through its agent, servant and/or employee was negligent in discharging Plaintiff from the bus in an unsafe, improper and unauthorized location.

136.    Rockland County Department of Public Transportation breached its duty of care to Plaintiff.

137.    By reason of the foregoing, Plaintiff is entitled to recover from Rockland County Department of Public Transportation, a sum to be determined at the time of trial as a result of its negligent acts and/or omissions of said Defendant, by its agent, servant and employee, including interest, costs, and attorneys' fees and such other relief as this Court may deem just and proper.

## FIFTH CLAIM FOR RELIEF

### NEGLIGENCE
(Against Transport of Rockland ("TOR"))

138.    Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth at length herein.

139.    Upon information and belief and at all times hereinafter mentioned, TOR, is the owner and/or operator and/or lessee and/or lessor of a common carrier ("bus") operated on or about October 28, 2011 at approximately 7:30 p.m. between Fayva Court and Mallory Road in the County of Rockland, State of New York.

140.    That Defendant, TOR, as a common carrier owed a duty of care to Plaintiff an alighting passenger to stop at a place where Plaintiff could safely disembark and leave the area.

141.    Upon information and belief and at all times hereinafter mentioned, TOR is an

agency and/or subsidiary and is owed and/or operated by Defendant, the Rockland County
Department of Public Transportation and/or Defendant, Rockland County.

142.   That Defendant, John Doe, at all times pertinent hereto, was a bus driver
employed by TOR and acting within the scope of his employment.

143.   Upon information and belief and at all times hereinafter mentioned, TOR trained
and/or instructed Defendant, John Doe, in the proper manner and location to discharge disabled
passengers in wheelchairs at the bus stop located on the North side of East Eckerson between
Fayva Court and Mallory Road.

144.   Upon information and belief and at all times hereinafter mentioned, TOR failed to
train and/or instruct Defendant, John Doe, in the proper manner and proper location to discharge
disabled passengers in wheelchairs at the bus stop located on the North side of East Eckerson
Road between Fayva Court and Mallory Road.

145.   On or about October 28, 2010, at approximately 7:30 p.m. Defendant, John Doe
was driving, controlling and/or operating a common carrier ("bus") on East Eckerson Road
between Fayva Court and Mallory Road as an employee, agent or servant of Defendant, TOR
and /or Defendant, the Rockland County Department of Transportation and/or the Rockland
County.

146.   On or about October 28, 2010, at approximately 7:30 p.m. Defendant, John Doe
discharged Plaintiff from the bus at an improper, unauthorized and unsafe location on the North
side or East Eckerson Road between Fayva Court and Mallory Road in the County of Rockland,
State of New York.

147.   Plaintiff instructed Defendant, John Doe, not to discharge her from the bus at said
location.

148.    Defendant, John Doe, knew or should have known that Plaintiff was a passenger suffering from a disability.

149.    As Plaintiff was a passenger with a disability, TOR was under a special duty to exercise such care, precaution and aid as was reasonably necessary for Plaintiff's safety and to bestow upon Plaintiff special care and attention beyond that given to the ordinary passenger.

150.    Notwithstanding Plaintiff's protests and knowing or should have known that Plaintiff is disabled and in a wheel chair, Defendant, John Doe discharged Plaintiff in an improper, unsafe and unauthorized location.

151.    Defendant, John Doe, knew or should have known that said location where Plaintiff was discharged was an improper, unsafe and an unauthorized location for discharging disabled passengers in wheelchairs.

152.    As a result of Plaintiff being discharged from the bus in an unsafe, improper and unauthorized location, Plaintiff was struck by an unknown motor vehicle.

153.    As a result of the carelessness, recklessness and negligence of Defendant, John Doe, Plaintiff sustained injuries as set forth herein and has incurred expenses to replace her wheelchair.

154.    As a result of the carelessness, recklessness and negligence of TOR through its agent, servant or employee, Defendant, John Doe, Plaintiff sustained injuries as set forth herein.

155.    TOR through its agent servant or employee was negligent in discharging Plaintiff from the bus in an unsafe, improper and an unauthorized location.

156.    Defendant, John Doe, knew or should have known that Plaintiff was disabled and in a wheelchair.

157.    TOR breached its duty of care to Plaintiff.

158.    By reason of the foregoing, Plaintiff is entitled to recover from Defendant, TOR a sum to be determined at the time of trial as a result of its negligent acts and/or omissions of said Defendant, by its agent, servant and employee, including interest, costs, and attorneys' fees and such other relief as this Court may deem just and proper.

## SIXTH CLAIM FOR RELIEF
### (Against Coach USA LLC "Coach USA")
### NEGLIGENCE

159.    Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth at length herein.

160.    Upon information and belief and at all times hereinafter mentioned, Coach USA, owns and/or operates and/or leases buses to Defendant, TOR, and/or Defendant, Rockland County and/or, Defendant, Rockland County Department of Transportation.

161.    That Defendant, Coach USA, as a common carrier owed a duty of care to Plaintiff an alighting passenger to stop at a place where Plaintiff could safely disembark and leave the area.

162.    Upon information and belief and at all times hereinafter mentioned, Defendant, John Doe, was an agent, servant or employee of Coach USA.

163.    That Defendant, John Doe, at all times pertinent hereto, was a bus driver employed by Coach USA and acting within the scope of his employment

164.    Upon information and belief and at all times hereinafter mentioned, Coach USA trained, supervised and/or instructed Defendant, John Doe, in the proper manner and location to discharge disabled passengers in wheelchairs at the bus stop located on East Eckerson Road between Fayva Court and Mallory Road.

165.    Upon information and belief and at all times hereinafter mentioned, Coach USA

27

failed to train, supervise and/or instruct Defendant, John Doe, in the proper manner and location to discharge disabled passengers in wheelchairs on the north side of East Eckerson Road between Fayva Court and Mallory Road.

166.   On or about October 28, 2010, at approximately 7:30 p.m., Defendant, John Doe, discharged Plaintiff from the bus against her instructions onto the roadway located on the North side of East Eckerson Road between Fayva Court and the bus shelter.

167.   Defendant, John Doe, knew or should have known that Plaintiff was a passenger suffering from a disability.

168.   As Plaintiff was a passenger with a disability, Coach USA was under a special duty to exercise such care, precaution and aid as was reasonably necessary for Plaintiff's safety and to bestow upon Plaintiff special care and attention beyond that given to the ordinary passenger.

169.   Defendant, John Doe, discharged Plaintiff in a dangerous, unsafe and an unauthorized location.

170.   Defendant, John Doe, knew or should have known through proper supervision, training and instruction that the location he discharged Plaintiff from the bus was dangerous, unsafe and an unauthorized location for the discharge of Plaintiff.

171.   Upon information and belief, Coach USA trained, supervised and instructed Defendant, John Doe, in the proper manner and proper location to discharge disabled passengers in wheelchairs on the north side of East Eckerson Road between Fayva Court and Mallory Road.

172.   Upon information and belief and at all times hereinafter mentioned, Defendant, John Doe, was operating said bus as an agent, servant or employee of Coach USA.

173.   Upon information and belief and at all times hereinafter mentioned, on October

28, 2010, at approximately 7:30 p.m., Defendant, John Doe, was acting as an agent, servant or employee of Coach USA.

174.    As a result of the carelessness, recklessness and negligence of Defendant, John Doe, Plaintiff sustained serious injuries as set forth herein and has incurred expenses to replace her wheelchair.

175.    As a result of the carelessness, recklessness and negligence of Coach USA by its agent, servant and employee, John Doe, Plaintiff sustained injuries as set forth herein and has incurred expenses to replace her wheelchair.

176.    Coach USA breached its duty of care to Plaintiff.

177.    By reason of the foregoing, Plaintiff is entitled to recover from Coach USA a sum to be determined at the time of trial as a result of its negligent acts and/or omissions of said Defendant, by its agent, servant and employee, including interest, costs, and attorneys' fees and such other relief as this Court may deem just and proper.

## SEVENTH CLAIM FOR RELIEF

### NEGLIGENCE
(Against John Doe)

178.    Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth at length herein.

179.    Upon information and belief at all times hereinafter mentioned, John Doe, is an agent, servant or employee of Defendant, Rockland County and/or Rockland County Department of Public Transportation and/or TOR and/or Coach USA.

180.    On or about October 28, 2011, at approximately 7:30 p.m., Plaintiff was passenger for hire on a common carrier ("bus") being operated by John Doe.

181.    On or about October 28, 2010 at approximately 7:30 p.m., John Doe discharged

Plaintiff from the bus in an improper, unauthorized and unsafe location onto the roadway located on the North side of East Eckerson Road between Fayva Court and Mallory Road, in the County of Rockland, State of New York.

182.    Plaintiff instructed John Doe, not to discharge her from the bus at said location.

183.    Notwithstanding Plaintiff's protests and knowing that Plaintiff was in a wheelchair, John Doe, discharged the Plaintiff in an improper and unsafe location.

184.    John Doe, knew or should have known that Plaintiff was disabled and in a wheelchair.

185.    As Plaintiff was a passenger with a disability, John Doe was under a special duty to exercise such care, precaution and aid as was reasonably necessary for Plaintiff's safety and to bestow upon Plaintiff special care and attention beyond that given to the ordinary passenger.

186.    As a result of Plaintiff being discharged by John Doe, in an improper and unsafe location, Plaintiff was struck by a motor vehicle and sustained serious injuries to wit: fractures to the lumbar spine, tailbone, femoral neck, femur, tibia, fibula, left and right shoulders and possible glenoid fracture.  Plaintiff's head hit the pavement resulting in bruising to her head. Plaintiff also sustained severe swelling to her face as well as substantial soreness throughout her body and has incurred expenses to replace her wheelchair.

187.    By reason of the foregoing, Plaintiff is entitled to recover from John Doe, a sum to be determined at the time of trial as a result of his negligent and carelessness acts and/or omissions, including interest, costs, and attorneys' fees and such other relief as this Court may deem just and proper.

## EIGHTH CLAIM FOR RELIEF

### NEGLIGENCE
(Against the Town of Ramapo)

188.    Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth at length herein.

189.    Upon information and belief and at all times hereinafter mentioned, Town of Ramapo constructed and maintained bus shelters and curb cuts located on East Eckerson Road between Fayva Court and Mallory Road in the State of New York, County of Rockland.

190.    Upon information and belief and at all times hereinafter mentioned, Town of Ramapo knew or should have known that the location of the bus shelters and curb cuts between Fayva Court and Mallory Road were unsafe and prevented Plaintiff from safely using same.

191.    On or about October 28, 2010 at approximately 7:30 p.m., Plaintiff was discharged from a bus onto the roadway on the North side of East Eckerson Road between Fayva Court and Mallory Road and was unable to safely utilize the curb cuts on the North side and South side of East Eckerson Road between Fayva Court and Mallory Road.

192.    That the negligence of Town of Ramapo consisted of, but is not limited to, the following: maintaining said highway in a dangerous and deteriorated condition making it unsafe for Plaintiff, who is disabled and requires a wheelchair for mobility, from crossing East Eckerson Road; in not providing an adequate shoulder for said highway and permitting said shoulder to become extremely deteriorated as a result of lack of maintenance; leaving said highway in extremely dangerous and unsafe condition as the result of improper maintenance and construction; in permitting such condition to exist for extended periods of time prior to October 28, 2010, constituting a public nuisance; in failing to provide adequate road signs, lighting, warning signs for oncoming traffic; in permitting a dangerous and unsafe condition to exist

31

without proper maintenance, which constituted a menace to Plaintiff, who is disabled and requires a wheelchair for mobility; by their neglect and careless actions rendering the said roadway unsafe for Plaintiff, who is disabled and requires a wheelchair for mobility, while attempting to cross said roadway; and by failing to adequately maintain curb cuts.

193.    Upon information and belief and at al times hereinafter mentioned, Town of Ramapo had actual and/or constructive notice of all these defects and dangerous conditions prior to October 28, 2010, but carelessly and negligently failed to repair, correct or remedy said roadway, curb cuts, bus shelters and sidewalks after notice of said conditions, but allowed said conditions to remain in an unsafe and improper condition preventing Plaintiff, who is disabled and requires a wheelchair for mobility, from utilizing same.

194.    As a result of the negligence and carelessness of Town of Ramapo, Plaintiff was injured and sustained special and general damages as set forth herein and has incurred expenses to replace her wheelchair.

195.    That the said injuries on the part of Plaintiff was caused by the negligence and carelessness of Town of Ramapo without any negligence on the part of Plaintiff contributing thereto.

196.    By reason of the foregoing, Plaintiff is entitled to recover from Town of Ramapo a sum to be determined at the time of trial as a result of the negligent, carelessness and/or omissions on the part of Town of Ramapo, including interest, costs, and attorneys' fees and such other relief as this Court may deem just and proper.

<u>**NINTH CLAIM FOR RELIEF**</u>

**NEGLIGENCE**
(Against the Town of Clarkstown)

197.    Plaintiff repeats and realleges each and every allegation contained in the

foregoing paragraphs as though fully set forth at length herein.

198.    Upon information and belief and at all times hereinafter mentioned, Town of Clarkstown constructed and maintained bus shelters and curb cuts located on East Eckerson Road between Fayva Court and Mallory Road in the State of New York, County of Rockland.

199.    Upon information and belief and at all times hereinafter mentioned, Town of Clarkstown knew or should have known that the location of the bus shelters and curb cuts between Fayva Court and Mallory Road were unsafe and prevented Plaintiff from safely using same.

200.    On or about October 28, 2010 at approximately 7:30 p.m., Plaintiff was discharged from a bus onto the roadway on the North side of East Eckerson Road between Fayva Court and Mallory Road and was unable to safely utilize the curb cuts on the North side and South side of East Eckerson Road between Fayva Court and Mallory Road.

201.    That the negligence of Town of Clarkstown consisted of, but is not limited to, the following: maintaining said highway in a dangerous and deteriorated condition making it unsafe for Plaintiff, who is disabled and requires a wheelchair for mobility, from crossing East Eckerson Road; in not providing an adequate shoulder for said highway and permitting said shoulder to become extremely deteriorated as a result of lack of maintenance; leaving said highway in extremely dangerous and unsafe condition as the result of improper maintenance and construction; in permitting such condition to exist for extended periods of time prior to October 28, 2010, constituting a public nuisance; in failing to provide adequate road signs, lighting, warning signs for oncoming traffic; in permitting a dangerous and unsafe condition to exist without proper maintenance, which constituted a menace to Plaintiff who is disabled and requires a wheelchair for mobility; by their neglect and careless actions rendering the said roadway

33

unsafe for Plaintiff, who is disabled and requires a wheelchair for mobility, while attempting to cross said roadway; and by failing to adequately maintain curb cuts.

202.    Upon information and belief and at all times hereinafter mentioned, Town of Clarkstown had actual and/or constructive notice of all these defects and dangerous conditions prior to October 28, 2010, but carelessly and negligently failed to repair, correct or remedy said roadway, curb cuts, bus shelters and sidewalks after notice of said conditions, but allowed said conditions to remain in an unsafe and improper condition preventing Plaintiff, who is disabled and requires a wheelchair for mobility, from utilizing same.

203.    As a result of the negligence and carelessness of Town of Clarkstown, Plaintiff was injured and sustained special and general damages as set forth herein and has incurred expenses to replace her wheelchair.

204.    That the said injuries on the part of Plaintiff was caused by the negligence and carelessness of Town of Clarkstown, without any negligence on the part of Plaintiff contributing thereto.

205.    By reason of the foregoing, Plaintiff is entitled to recover from Town of Clarkstown, a sum to be determined at the time of trial as a result of the negligent, carelessness and/or omissions on the part of Town of Clarkstown, including interest, costs, and attorneys' fees and such other relief as this Court may deem just and proper.

**WHEREFORE**, Plaintiff, Cynthia Gershanow, requests a trial by jury and judgment against Defendants, County of Rockland, Rockland County Department of Public Transportation, Rockland County Highway Department, Transport of Rockland, Town of Clarkstown, Town of Ramapo, John Doe and Coach USA LLC, as follows:

(i)     The Court issue a Declaratory Judgment that determines that the Defendants County of Rockland, Rockland County Department of Public Transportation, Rockland County Highway Department, Transport of Rockland, Town of Clarkstown, Town of Ramapo at the commencement of the subject lawsuit are in violation of Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131, 12132, 12147 and 12204;

(ii)    Injunctive relief against the Defendants County of Rockland, Rockland County Department of Public Transportation, Rockland County Highway Department, Transport of Rockland, Town of Clarkstown, Town of Ramapo, including an order to make all readily achievable alterations to the sidewalk, curb ramps and bus shelters located on the North side and South side of East Eckerson Road between Fayva Court and Mallory Road so as to make the aforementioned areas readily accessible to and usable by individuals with disabilities to the extent required by the ADA;

(iii)   An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. §12205;

(iv)    On Plaintiff's Second Claim for Relief for Negligence against Defendant, County of Rockland, judgment in an amount to be determined at trial plus attorneys' fees and costs;

(v)     On Plaintiff's Third Claim for Relief for Negligence against Defendant, Rockland County Highway Department, judgment in an amount to be determined at trial plus attorneys' fees and costs;

(vi)   On Plaintiff's Fourth Claim for Relief for Negligence against Defendant, Rockland County Department of Public Transportation, judgment in an amount to be determined at trial plus attorneys' fees and costs;

(vii)   On Plaintiff's Fifth Claim for Relief for Negligence against Defendant, Transport of Rockland, judgment in an amount to be determined at trial plus attorneys' fees and costs;

(viii)   On Plaintiff's Sixth Claim for Relief for Negligence against Defendant, Coach USA LLC, judgment  in an amount to be determined at trial plus attorneys' fees and costs;

(ix)   On Plaintiff's Seventh Claim for Relief for Negligence against Defendant, John Doe, judgment in an amount to be determined at trial plus attorneys' fees and costs;

(x)   Plaintiff's Eighth Claim for Relief for Negligence against Defendant, Town of Ramapo, judgment in an amount to be determined at trial plus attorneys' fees and costs;

(xi)   Plaintiff's Ninth Claim for Relief for Negligence against Defendant, Town of Clarkstown, judgment in an amount to be determined at trial plus attorneys' fees and costs; and

(xii)   Such other relief as the Court deems just and proper, and/or is allowable under the Americans with Disabilities Act.

Dated: Orangeburg, New York
          November 2, 2011

ROGERS McCARRON & HABAS, P.C.

Lawrence B. McCarron, Esq. (5140137)
Attorneys for Plaintiff
100 Dutch Hill Road, Suite 390
Orangeburg, New York 10962
(845) 359-5400

<u>VERIFICATION</u>

STATE OF NEW YORK    )
                              )ss:
COUNTY OF ROCKLAND  )

      CYNTHIA GERSHANOW, being duly sworn, deposes and says:

      I am a Plaintiff in this action and have read the annexed Verified Complaint and know the

contents thereof and the same are true to my knowledge, except those matters therein which are

stated to be alleged on information and belief, and as to those matters I believe to be true.


                                                           _____
                                                           Cynthia Gershanow


Sworn to before me this
2nd day of November, 2011


_____
  Notary Public


SCOTT FOSTER
Notary Public, State of New York
Registration #02FO6242738
Qualified In Westchester County
Commission Expires June 6, 2015

38